UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES HILTON,

                Petitioner,

    v.                                      9:22-CV-0152
                                                  (GLS/TWD)

CHRISTOPHER MILLER,

                Respondent.

---

APPEARANCES:                            OF COUNSEL:

JAMES HILTON
Petitioner, pro se
16-A-4943
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner James Hilton seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also applied to proceed in forma pauperis (IFP). Dkt. No. 2, IFP Application.

On February 17, 2022, the Court administratively closed the action because petitioner's IFP application was incomplete. Dkt. No. 3, Closure Order, at 1. Petitioner was afforded thirty days leave to either pay the statutory filing fee or file a properly certified IFP application. *Id.* at 2. Petitioner timely remitted the filing fee, and the case was reopened.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Dkt. Entry of Mar. 10, 2022 (identifying receipt information for filing fee transaction); Dkt. No. 5, Text Order (reopening action).

For the reasons that follow, the petition is dismissed without prejudice, as premature, with leave to re-file once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## II.    THE PETITION

Petitioner challenges a 2016 judgment of conviction in Schenectady County, upon a jury verdict, of assault on a police officer, second degree assault, second degree strangulation, and resisting arrest, as well as the violation of disorderly conduct.  Pet. at 1-2; *see People v. Hilton*, 166 A.D.3d 1316, 1317 (3rd Dep't 2018).  The New York State Appellate Division, Third Department, modified petitioner's conviction by (1) holding in the interests of justice that the charge for resisting arrest was duplicitous; (2) reversing the conviction for resisting arrest; (3) vacating the corresponding sentence; and (4) granting the People leave to re-indict any related charges to a new grand jury.  Pet. at 3; *accord Hilton*, 166 A.D.3d at 1319-21.  As modified, the Third Department affirmed the conviction, and, on February 27, 2019, the New York State Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 3-4; *accord Hilton*, 166 A.D.3d at 1321, *lv. denied*, 32 N.Y.3d 1205 (2019).  Petitioner did not file a petition in the United States Supreme Court for a writ of certiorari.  Pet. at 4.

While petitioner indicates that he filed additional collateral attacks to his criminal conviction, Pet. at 5, he fails to provide any additional details about the date, place, or decisions that were issued as a result of those challenges.  Further, the first eleven grounds

2

petitioner claims entitle him to federal habeas corpus relief appear identical to those decided during the course of his direct appeal. *Compare* Pet. at 3-4 *and Hilton*, 166 A.D.3d at 1317-21 *with* Pet. at 5-29. Specifically, petitioner contends that he is entitled to relief because: (1) his constitutional rights were initially violated when there was no lawful basis upon which to arrest him, Pet. at 5-8; (2) the trial court erred in failing to order a Bill of Particulars, *id.* at 8-10; (3) the trial court erred when it adopted the *Wade* hearing report, *id.* at 10-11; (4) the trial court erred when it allowed evidence to be admitted about petitioner's experience as a mixed martial arts fighter, *id.* at 11-13; (5) the trial court erred in failing to properly determine the probative value, as opposed to the prejudicial effect, of the People's *Molineaux* proffer, *id.* at 14-15; (6) the trial court erred when it gave the jury instructions related to petitioner's prior bad acts, *id.* at 15-17; (7) the trial court erred in allowing the People to call a rebuttal witness who should have, instead, been called to testify during the People's direct case, *id.* at 17-18; (8) there was prosecutorial misconduct when the prosecutor made improper comments during his opening and summation, *id.* at 19-21; (9) petitioner's count of resisting arrest is duplicitous and must be vacated, *id.* at 22-23; (10) the conviction was supported by legally insufficient evidence and is also against the weight of the evidence, *id.* at 23-27; and (11) petitioner's counsel was constitutionally ineffective, *id.* at 27-29.

Petitioner also advances three additional claims that he states have not yet been exhausted in the state courts. Pet. at 30-31. Petitioner contends that his federal rights were violated because: (1) his right to a fair trial was violated when the Official Forensic evaluation in his case was done improperly, *id.* at 30; (2) newly discovered evidence, in the form of a recently acquired affidavit, demonstrates that one of the physicians completing the forensic

3

evaluation developed a conflict of interest when she utilized comments about petitioner's family in the evaluation which she gleaned from her treatment sessions with petitioner's aunt, *id.*; and (3) the Third Department erred when it ignored the trial court's failure to provide petitioner with both *Dunaway* and omnibus hearings, *id.* For a more complete statement of petitioner's claims, reference is made to the petition.

### III.   DISCUSSION

#### A.   Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. *See* 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).

The Third Department affirmed petitioner's conviction, as modified, on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on February 27, 2019. *See Hilton*, 166 A.D.3d at 1321, *lv. denied*, 32 N.Y.3d at 1205. Petitinoer did not seek a writ of certiorari, and his conviction thus became final on May 28, 2019. *See Thaler*, 565 U.S. at 149-150. Therefore, petitioner had until May 27, 2020, to timely file the instant action. This petition, filed on February 9, 2022, appears to be filed one year and eight months too late.[2]

Properly filed state court applications for relief operate to toll the limitations period if

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

those applications are filed before the one-year limitations period expires. *See* 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *See Saunders*, 587 F.3d at 548. AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

In this case, petitioner has presented eleven claims that he contends have been exhausted, and three that he admits have not. With respect to whether the petition has been timely filed, the petition does not contain any facts which would indicated that the eleven claims which petitioner exhausted via his direct appeal are entitled to either statutory or equitable tolling.

The final three claims, which petitioner asserts are based on newly discovered evidence, may be entitled to a different commencement date for the limitations period. Other dates from which the limitations period may start running are (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (2) the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made

retroactively applicable; or (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Here, the only relevant alternate commencement date appears to be the last one relating to newly discovered evidence. *See id.* Petitioner contends that he received the new information serving as the basis of his three unexhausted claims two months prior to the date he filed his habeas petition, on February 9, 2022. Pet. at 31, 33. Therefore, liberally construing petitioner's arguments, he has known about the new evidence since December 2021. This means that petitioner still has approximately eight months to timely file a habeas petition based on those claims. *See* 28 U.S.C. § 2244(d)(1). Moreover, any properly filed state court collateral challenge would statutorily toll the limitations period for the amount of time it was pending, allowing petitioner to properly exhaust his claims.

**B.     Exhaustion**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."

6

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, the first eleven arguments upon which petitioner seeks habeas corpus relief were decided during the course of his direct appeal by the Third Department. *Compare* Pet. at 3-4 *and Hilton*, 166 A.D.3d at 1317-21, *with* Pet. at 5-29. However, the last three grounds for relief are unexhausted because, as petitioner explicitly states, he just recently received the evidence upon which the claims are based and he has not yet filed any challenges in state court. Pet. at 30-31. Accordingly, petitioner's claims are not yet ripe for review because the state courts have not concluded their one complete round of evaluation of said claims. *See O'Sullivan*, 526 U.S. at 845.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)).

In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, to the extent petitioner is attempting to request a stay pending the outcome of his state court appeals, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner has challenged his conviction via a direct appeal and he has successfully commenced the instant federal habeas action; therefore, petitioner cannot be said to have any confusion about the state court process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

However, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

8

Here, for the reasons stated above, it appears that the first eleven claims in the petition are untimely. Therefore, with respect to those claims, whether the petition is filed now or in the future will not further jeopardize petitioner's right to obtain federal relief because either way he must explain to the Court why his petition should not be barred by the statute of limitations.

Moreover, the last three claims petitioner asserts are based on new evidence, which arguably has a different commencement date and months left in the limitations period – assuming petitioner's arguments are correct. Therefore, dismissal of the petition would not impair petitioner's right to obtain relief because he still has ample time to properly file a state court collateral challenge, toll the limitations period, exhaust his state court remedies, and re-file his habeas petition. However, if petitioner is incorrect and the new evidence is not entitled to an alternate commencement date, then those claims are in the same position as the first eleven and petitioner must also explain to the Court why they should not be considered untimely.

Accordingly, in the interests of judicial economy and efficiency, the petition is dismissed as unexhausted and premature. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [the petitioner]'s federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss [the petitioner]'s petition without prejudice. This will allow [the petitioner] to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal

9

court if necessary.") (footnote omitted).[3] When the state court review concludes, if it is necessary, petitioner can re-file a new habeas corpus petition. However, petitioner is reminded that any such petition must explain both the dates on which the limitations period commenced for his various claims and, where applicable, why the statute of limitations should not preclude his claims so that the petition is not dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability (COA) shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

March 24, 2022
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge

---

[3] The Court notes that, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).